## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## NO. 5:18-CV-84-GCM

| | | |
|---|---|---|
| **SHERRYANN NICOLE DOUGLAS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **NANCY A. BERRYHILL, Acting Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 13) and the Commissioner's Motion for Summary Judgment (Doc. No. 19). Having carefully considered such motions, accompanying memoranda, and the pleadings, the Court enters the following findings, conclusions, and Order.

## I.      Background

On October 21, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging a disability onset date of July 1, 2011. (Doc. No. 10-1, at 18). The application was denied, first on March 31, 2015 and then upon reconsideration on July 24, 2015. (Doc. No. 10-1, at 18). Thereafter, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Doc. No. 10-1, at 18). That request was granted. (Doc. No. 10-1, at 18).

In evaluating Plaintiff's alleged disability, the ALJ found that the Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. (Doc. No. 10-1, at 18). The ALJ also engaged in a five-step sequential review pursuant to 20 C.F.R. § 404.1520(a)(4)(i)-(v). (Doc. No. 10-1, at 20-29). As a part of that review, the ALJ determined that: (1) Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; (2) Plaintiff had

severe impairments (depression; cervical degenerative joint disease; migraine headaches; and plantar fasciitis); (3) none of the Plaintiff's impairments or combination of impairments meet the severity of those listed in 20 CFR 404, Subpart P, Appendix 1; (4) given the Plaintiff's residual functional capacity ("RFC"), she cannot perform any past relevant work; (5) and, considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Doc. No. 10-1, at 20-29). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's application for a period of disability and disability insurance benefits on October 6, 2017. (Doc. No. 10-1, at 29).

Plaintiff requested review of that decision by the Appeals Council on October 6, 2017. (Doc. No. 10-1, at 4). The Appeals Council denied that request on March 23, 2018, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). (Doc. No. 10-1, at 4). Thereafter, Plaintiff timely filed this action, seeking judicial review of the Commissioner's final decision. (Doc. No. 2).

## II.     Standard of Review

Judicial review of a final decision of the Commissioner in Social Security cases is authorized pursuant to 42 U.S.C. § 405(g), but review is limited to consideration of (1) whether the Commissioner applied the correct legal standards and (2) whether substantial evidence supports the Commissioner's decision. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review of the evidence is not *de novo*. *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986). Instead, review is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 400.

## III.     Discussion

Plaintiff made the following assignments of error: (1) the ALJ improperly gave less than substantial weight to Plaintiff's VA disability rating, (2) the ALJ improperly assessed the credibility of Plaintiff's subjective, pain-related statements, and (3) the ALJ's RFC evaluation frustrates meaningful review. (Doc. No. 14, at 4-11). The undersigned's review of the record makes clear that the ALJ did not err.

### A.  The Weight Assigned to Plaintiff's VA Disability Rating

Plaintiff argues that "if the ALJ assigns anything other than substantial weight to a VA disability rating," the ALJ must provide "a detailed explanation" and must have a "substantial basis" for that deviation, and she argues that the ALJ failed to satisfy that requirement. (Doc. No. 14, at 4). While disability determinations made by other agencies do not bind the Social Security Administration ("SSA"), the ALJ must "evaluate all the evidence in the case record that may have a bearing on a determination or decision of disability." SSR 06-03p, 71 Fed. Reg. 45593, *45594 (August 9, 2006). Thus, "another agency's disability determination 'cannot be ignored and must be considered.'"[1] *Bird v. Comm'r of SSA*, 699 F.3d 337, 343 (4th Cir. 2012). Further, because the VA and SSA have a similar purpose and evaluation methodology, the SSA "must give substantial weight to a VA rating." *Id.* "However, because the SSA employs its own standards for evaluating a claimant's alleged disability . . . an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.*

Here, the ALJ acknowledged that typically the SSA must give substantial weight to a VA rating but clearly explained why less weight should be given to Plaintiff's VA rating: (1) "[T]he

---

[1] Effective March 27, 2017, the SSA no longer considers decisions made by other agencies. 20 C.F.R. § 404.1504 (2017). However, Plaintiff filed his claim in 2014, before that new rule took effect. (Doc. N0. 10-1, at 18). Thus, *Bird* applies here.

evidence of the record as a whole suggests [Plaintiff's] pain and symptoms have been fairly well controlled with medication," (2) Plaintiff "has presented for urgent treatment due to her headaches on only one occasion and she has received little ongoing mental health treatment," (3) and there have been "fairly minimal longitudinal objective findings on examination and she has reported a wide variety of activities of daily living." (Doc. No. 10-1, at 28). Plaintiff next complains that the ALJ did not include any citations to the record when providing that explanation. (Doc. No. 14, at 4). However, that is not the case. The ALJ made clear reference to his prior analysis, (Doc. No. 10-1, at 26) ("as outlined above"), where he provided ample citation to the record, (Doc. No. 10-1, at 21-26) (citing Exhibit 4F for his statement that Plaintiff's migraine pain and symptoms have been fairly well controlled, Exhibit 5F for his statement that Plaintiff presented to urgent care for migraine symptoms only once, Exhibit 4F for his assessment of Plaintiff's ongoing mental health treatment, and Exhibit 4F in support of his statement regarding Plaintiff's healthy lifestyle and active living). Thus, the ALJ did not err when assigning less weight to Plaintiff's VA disability rating.

Plaintiff also argues, in passing, that the ALJ erred when he "failed to . . . explain why he assigned 'great weight' to the non-examining State agency physicians' opinions or how they were deserving of more weight than the VA medical records." (Doc. No. 14, at 8). However, the ALJ did explain why he awarded great weight to the non-examining State agency physicians' opinions, explaining that "[t]heir opinions . . . are supported by . . . evidence that documents good control of [Plaintiff's] pain and symptoms . . . [and] are consistent with the fact that she has had fairly normal mental status[es] [and] by . . . [Plaintiff's] reported activities of daily living." (Doc. No. 10-1, at 27). Regardless, Plaintiff provides no support for her position that where an ALJ assigns greater weight to the State agency physicians' opinions than to VA medical records, the ALJ must explain

why, and the undersigned is aware of no such rule. The ALJ properly explained how it weighted both the VA rating and the State agency physicians' opinion—Plaintiff's argument is without merit.

**B. The Credibility Analysis of Plaintiff's Subjective Complaints of Pain**

Plaintiff argues that the ALJ improperly increased Plaintiff's burden of proof by requiring her to provide objective medical evidence to support her subjective complaints of pain. (Doc. No. 14, at 8). An "ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1529(b)-(c), 416.929(b)-(c)). "First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Id.* (citations omitted). "Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." *Id.* (Citations omitted). "The second determination requires the ALJ to assess the credibility of the claimant's statements about the symptoms and their functional effects." *Id.* (citations omitted). When performing that assessment, an ALJ should not discount a claimant's subjective statements "*solely* because the available objective medical evidence does not substantiate [them]." *Id.* (emphasis added) (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). By requiring additional substantiating evidence, the ALJ improperly increases the claimant's burden of proof. *See id.*

Here, the ALJ properly followed the two-step analysis when considering Plaintiff's subjective complaints of pain. First, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Doc. No. 10-1, at 23). Second, the ALJ turned to the "intensity, persistence, and limiting effects of [Plaintiff's]

symptoms" and, as a part of that step, assessed the credibility of Plaintiff's subjective statements. (Doc. No. 10-1, at 23).

Ultimately, the ALJ determined that Plaintiff's subjective statements were not "consistent with the medical evidence and other evidence in the record." (Doc. No. 10-1, at 23). For example, Plaintiff reported ongoing headaches that sometimes force her to spend the day lying in bed. (Doc. No. 10-1, at 23). The ALJ, however, cited to multiple portions of the record indicating that Plaintiff's pain and symptoms resulting from the migraines are fairly well controlled with medication, Plaintiff has presented to urgent care for migraine symptoms only once, and Plaintiff has reported improvement in her headaches at times (including as recently as October 2016). (Doc. No. 10-1, at 23). Further, the ALJ provided numerous other citations to the record illustrating that the medical record was inconsistent with various portions of Plaintiff's testimony. (Doc. No. 10-1, at 23). Thus, the ALJ did not discount Plaintiff's subjective statements solely because they were not *substantiated* with objective evidence, he discounted them because objective evidence *conflicted* with them. The ALJ's credibility assessment was not in error.

### C.  The RFC Evaluation

Plaintiff also challenges the ALJ's RFC evaluation, arguing that it frustrates meaningful review because the RFC "does not account" for Plaintiff's difficulty concentrating, persisting, or maintaining pace, difficulty interacting with others, and migraines. (Doc. No. 14, at 11). Social Security Ruling ("SSR") 96-89 requires that an RFC assessment "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." 61 Fed. Reg. 34,474, 34,475 (July 2, 1996). SSR 96-89 also requires an RFC assessment to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*,

daily activities, observations)." *Id.* at 34,478. It follows that "remand may be appropriate where an ALJ *fails to assess a claimant's capacity to perform relevant functions*, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (emphasis added). For example, in *Mascio* the Fourth Circuit concluded that the ALJ's analysis was inadequate where he stated that his conclusions were based on the medical evidence in the record (and the plaintiff's subjective complaints) but failed to provide any analysis or citations to the record. *Id.* at 636-37.

Here, the ALJ found that Plaintiff had a moderate limitation "[w]ith regard to concentrating, persisting, or maintaining pace" as a result of her "anxiety." (Doc. No. 10-1, at 21). The ALJ also found that Plaintiff had a moderate limitation interacting with others. (Doc. No. 10-1, at 21). The ALJ clearly accounted for both of those limitations in his RFC: "While the undersigned does not find the claimant's depression and anxiety are as limiting as alleged, in order to accommodate any ongoing symptoms, she has been limited to unskilled, simple, routine, and repetitive tasks that involve no more than occasional exposure to people." (Doc. No. 10-1, at 25). Further, the ALJ performed a proper function-by-function analysis, providing ample analysis and numerous citations to the record. (Doc. No. 10-1, at 24-27). Regarding Plaintiff's complaint that the RFC did not account for Plaintiff's migraines, it does. The ALJ found that Plaintiff's "pain and symptoms" with regard to her migraine headaches "have been fairly well controlled with medication" and have generally improved, again citing to the record. (Doc. No. 10-1, at 24). Nonetheless, the RFC accounted for "any ongoing pain and symptoms" by limiting "the [Plaintiff] to a reduced range of light work." (Doc. No. 10-1, at 24). Thus, the ALJ did not fail to assess Plaintiff's capacity to perform relevant functions and provided sufficient citation to the record and analysis for the undersigned to properly review his decision.

**IV.     Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error.  Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence and contains no legal errors. Thus, Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **denied**, the Commissioner's Motion for Summary Judgment (Doc. No. 19) is **granted**, and the decision of the Commissioner **affirmed**. Accordingly, this action is **dismissed**.

Signed: September 17, 2019

Graham C. Mullen
United States District Judge